# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

November 10, 2020

Mr. Tony R. Moore
Western District of Louisiana, Lafayette
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

     No. 20-30447    Stone Energy Corporation, et al v. Nippon
                     Steel & Sumitomo Metal, et al
                     USDC No. 6:18-CV-213

Dear Mr. Moore,

Enclosed is a copy of the judgment issued as the mandate.

                         Sincerely,

                         LYLE W. CAYCE, Clerk

                         *Dantrell Johnson*

                     By: _____
                     Dantrell L. Johnson, Deputy Clerk
                     504-310-7689

cc:
     Mr. Joseph A. Fischer, III
     Mr. David Ross Frohn
     Mr. Michael Anthony Golemi
     Mr. Paul Matthew Jones
     Mr. Keith Wade McDaniel
     Mrs. Meghan Brianne Senter
     Ms. Alma Shields
     Mr. Christopher Andrew Thompson

# United States Court of Appeals
# for the Fifth Circuit

---

No. 20-30447

---

STONE ENERGY CORPORATION; STONE ENERGY OFFSHORE,
L.L.C.; TALOS PETROLEUM, L.L.C.; TALOS RESOURCES,
L.L.C.,

*Plaintiffs — Appellants,*

*versus*

KANASAIKIKA COMPANY LIMITED; MITSUI SUMITOMO
INSURANCE USA INCORPORATED; MITSUI SUMITOMO
INSURANCE COMPANY OF AMERICA; MITSUI SUMITOMO
INSURANCE COMPANY LIMITED; NIPPON STEEL PRECISION
MACHINING COMPANY LIMITED, *formerly known as* NIPPON STEEL
& SUMIKIN PRECISION MACHINING COMPANY LIMITED, *formerly
known as* NIPPON STEEL & SUMIKIN FINE TECHNOLOGY
COMPANY LIMITED,

*Defendants — Appellees.*

---

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:18-CV-213

---

Before DENNIS, WILLETT, and HO, *Circuit Judges.*

PER CURIAM:

No. 20-30447

This court must examine the basis of its jurisdiction on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). On June 16, 2020, the district court certified the issue of whether a federal court can exercise specific personal jurisdiction over a group of foreign companies who manufacture and sell as subcontractors custom made products pursuant to 28 U.S.C. § 1292(b). On July 16, 2020, the plaintiffs filed a notice of appeal. On August 12, 2020, plaintiffs filed an amended notice of appeal.

The procedure for requesting an appeal under § 1292(b) is governed by Federal Rule of Appellate Procedure 5. *See* Advisory Committee Notes, 1998 Amendments ("This new Rule 5 is intended to govern all discretionary appeals from district-court orders, judgments, or decrees."). Rule 5 requires that the petition for permission to appeal be filed in the circuit court within the time specified by the statute authorizing the appeal. *See* FED. R. APP. P. 5(a)(1)–(2). Section 1292(b) requires that a party seeking to appeal apply to the court of appeals within ten days after the order sought to be appealed is entered.

In this case, the plaintiffs filed a notice of appeal and an amended notice of appeal instead of a petition for permission to appeal. A notice of appeal cannot be treated as a Rule 5 petition. *Aucoin v. Matador Services, Inc.*, 749 F.2d 1180, 1181 (5th Cir. 1985). Absent a sufficient request for permission to appeal, this court is without jurisdiction and the appeal must be dismissed. *Id.* Accordingly, the appeals are DISMISSED for want of jurisdiction.



Certified as a true copy and issued
as the mandate on Nov 10, 2020

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

2